ORIGINAL

FILED

2008 DEC 18  PM 3: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

Howard Rubinstein (Fla. SBN: 104108)
Attorney at Law
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
Tel: (832) 715-2788
E-mail: howardr@pdq.net
*(To apply as Counsel Pro Hac Vice)*

Harold M. Hewell (Cal. SBN: 171210)
Hewell Law Firm
105 West F Street, Suite 213
San Diego, California 92101
Tel: (619) 235-6854
Fax: (888) 298-0177
E-mail: hmhewell@hewell-lawfirm.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| CATHERINE M. HERZOG, as an individual and on behalf of all others similarly situated, | : Civil Action No.: **'08 CV 2348 H WMc** |
| | : **COMPLAINT FOR INJUNCTIVE** |
| Plaintiff, | : **RELIEF, RESTITUTION AND** |
| | : **DAMAGES** |
| vs. | : **Class Action** |
| | : *Jury Trial Requested* |
| GRUMA CORPORATION, a Nevada Corporation doing business as Mission Foods, | : |
| Defendant. | : |

Plaintiff alleges:

## I. PARTIES

1. Plaintiff Catherine M. Herzog is an individual consumer who resides in and is a citizen of California . She respectfully requests a jury trial.

2. Defendant Gruma Corporation is a Nevada corporation doing business as Mission Foods ("Mission"), with a principal place of business located at 1159 Cottonwood Lane, Suite 200, Irving, Texas 75038. Mission lists with the California Secretary of State an agent for service of process by the name of Corporation Service Company which will do business in California as CSC - Lawyers Incorporating Service, located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. Mission manufactures, advertises, distributes and sells a product by the name of Mission Guacamole Dip ("Dip").

3. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, the defendant and each of its related entities was the agent, servant and employee of each of the other entities, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes and thereon alleges that, at all times herein mentioned, each of those entities' employees was the agent, servant and employee of each employee's respective employer, and at all times herein mentioned, each employee was acting within the purpose and scope of said agency and employment.

## II. VENUE AND JURISDICTION

4. This Court enjoys jurisdiction over the subject matter presented by this Complaint because it is filed as a class action arising under the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1332(d)(6), which explicitly provides for original jurisdiction in the Federal Courts of any class action in which any member of the Plaintiff Class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of interest and costs.

5. Plaintiff alleges that the total claims of individual class members in this action are well in excess of $5,000,000 in the aggregate as required by 28 U.S.C. § 1332(d)(2), (5).

1  Mission is incorporated in Nevada, and is therefore a citizen of that state; Plaintiff is a citizen of

2  California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. §

3  1332(d)(2). Furthermore, pursuant to 28 U.S.C. § 1332(d)(4)(a)(i)(I), plaintiff alleges that more

4  than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are

5  citizens of a state other than California, where this action is originally being filed, and that the

6  total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28

7  U.S.C. § 1332(d)(5)(B).

8        6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because defendant

9  may be found in, and is subject to, personal jurisdiction in this district. The required

10  "Declaration of Harold M. Hewell Pursuant to Civil Code §1780(c) of the Consumer Legal

11  Remedies Act, Civil Code §§1750 et seq." regarding venue under the California Consumer

12  Legal Remedies Act is submitted with Complaint and is incorporated by reference.

### III. FACTUAL ALLEGATIONS

14        7. All allegations in this Complaint are based on information and belief and/or are

15  likely to have evidentiary support after reasonable opportunity for further investigation and

16  discovery.

17        8. Plaintiff realleges and incorporates by reference the allegations set forth in each of

18  the preceding paragraphs of this Complaint.

19        9. Within the four years preceding the filing of this Complaint, Mission manufactured,

20  marketed, advertised and distributed the Dip across the United States; it continues to do so as

21  of the date of this filing.

22        10. Merriam-Webster's dictionary defines guacamole as "pureed or mashed avocado

23  seasoned with condiments." Avocados have been synonymous with guacamole and have been

24  the primary ingredient for that food for nearly 600 years.

25        11. The very word "guacamole" derives from two Aztec Nahuatl words, "ahuacatl," or

26  avocado, and "molli," which meant sauce or paste. As early as the 1400's the Aztecs made

27  "ahuaca-hulli," or "avocado sauce."

28        12. The basic recipe for guacamole today includes mashed avocado, chopped tomato,

onion, cilantro, lime, and chilies, and is seasoned with salt, cumin, and pepper. The California Avocado Commission promotes a recipe for "Guacamole Autentico" which calls for four ripe avocados, one teaspoon of ground cumin, one medium tomato, a half cup of minced sweet white onion, two serrano chilies, a quarter cup of chopped cilantro leaves, four tablespoons of fresh lime juice, hot pepper sauce, sea salt, and white pepper to taste.

13. Accordingly, any reasonable consumer would and does expect a product marketed as "guacamole dip" to consist primarily of avocado. However, that is not true for the Dip, as plaintiff learned after purchasing the product in November 2006. In fact, the Dip contains virtually no avocado at all. Instead, the primary ingredients are water, canola oil, modified food starch, tomato paste, maltodextrin, *and two percent or less of avocado powder,* dehydrated onion, partially hydrogenated soybean oil, garlic powder, bell pepper, spices, whey protein concentrate, salt, natural and artificial flavors, Worchestershire sauce powder (corn syrup solids, salt, caramel color, garlic, sugar, spices, soy sauce solids [naturally fermented wheat and soybeans, salt, maltodextrin, caramel color], tamarind, natural flavors), citric acid, chili pepper, lemon juice concentrate, lime juice solids, sugar, glucono- delta-lactone, xanthan gum, sodium acid pyrophosphate, DATEM, lactic acid, monosodium glutamate and yellow #5 & blue #1.

14. Plaintiff contends that defendant's use of the term "Guacamole Dip" was and is deceptive and misleading, and that it caused her to buy a product that was not what it was represented to be. The Dip is not guacamole dip, as it is not primarily made with avocados. Instead it is a thick paste with 2 percent avocado pulp.

15. Avocados contain 25 nutrients, including vitamin C, folate, vitamin E, fiber and unsaturated fats. The fruit also is naturally sodium-free, contains no trans fats and is low in saturated fat. The Dip deprived plaintiff of the nutritional benefits of avocado.

16. Plaintiff contends that by labeling and marketing the Dip as "Guacamole Dip," defendant engaged in deceptive and unlawful business practices.

17. Plaintiff, exposed to the labeling representations made for the Dip, purchased and spent money on the product. In exchange, she received something other than was represented

1 | to her, something of no worth to her. Accordingly, she lost the purchase price she paid for the

2 | Dip.

3 | <div align="center">**IV. CLASS ALLEGATIONS**</div>

4 |     18. Plaintiff realleges and incorporates by reference the allegations set forth in each of

5 | the preceding paragraphs of this Complaint.

6 |     19. Pursuant to California Civil Code §1781, California Code of Civil Procedure §382,

7 | and Federal Rule of Civil Procedure ("FRCP") 23, plaintiff brings this action on her behalf and

8 | on behalf of all other consumers who purchased defendant's Dip during the Class Period,

9 | which is defined as the four years preceding the filing of this action.

10 |     20. Defendant's practices and omissions were applied uniformly to all members of the

11 | Class, so that the questions of law and fact are common to all members of the Class. All

12 | putative Class members were and are similarly affected by having purchased the Dip, and the

13 | relief sought herein is for the benefit of plaintiff and members of the putative class. Plaintiff is

14 | informed and believes, and on that basis alleges, that the Plaintiff Class is so numerous that

15 | joinder of all members would be impractical.

16 |     21. Based on the annual sales of the Dip and the popularity of the Dip, it is apparent

17 | that the number of consumers of the Dip would at least be in the many thousands, thereby

18 | making joinder impossible

19 |     22. Questions of law and fact common to the Plaintiff Class and the subclasses exist

20 | that predominate over questions affecting only individual members, including, inter alia:

21 |     (a) Whether defendant's practices and representations made in connection with the

22 |         labeling, advertising, marketing, promotion and sales of the Dip were deceptive,

23 |         unlawful or unfair in any respect, thereby violating California's Unfair Competition

24 |         Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

25 |     (b) Whether defendant's practices and representations made in connection with the

26 |         labeling, advertising, marketing, promotion and sales of the Dip were deceptive,

27 |         unlawful or unfair in any respect, thereby violating California's False Advertising

28 |         Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.;

(c) Whether defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Dip were false and/or misleading;

(d) Whether defendant has violated the CLRA by the practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Dip within this state.

(e) Whether defendant's conduct, as set forth above, injured consumers and if so, the extent of the injury.

23. The claims asserted by plaintiff in this action are typical of the claims of the members of the Plaintiff Class as the claims arise from the same course of conduct by defendant, and the relief sought is common.

24. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and all subclasses. Plaintiff has retained counsel who are competent and experienced in both consumer protection and class action litigation.

25. Certification of this class action is appropriate under FRCP 23(b), California Code of Civil Procedure §382 and California Civil Code §1781, because the questions of law or fact common to the respective Class members predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative plaintiff or any other Class member would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

26. Certification is also appropriate because defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Further, given the large number of consumers of the Dip, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

27. A class action is a fair and appropriate method for the adjudication of the

controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## V. FIRST CAUSE OF ACTION:

### FOR VIOLATION OF BUS & PROF. CODE §17200 ET SEQ.

28. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

29. This cause of action is brought on behalf of plaintiff and members of the general public pursuant to California Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

30. Plaintiff is informed and believes, and thereon alleges, that defendant committed an unfair business act or practice. The utility of defendant's misleading and/or deceptive labeling, done for the purpose of selling its Dip, is negligible, if any, when weighed against the extent of harm to the general public, plaintiff and Class members. The harmful impact upon members of the general public and the Class who were and are misled and deceived with respect to defendant's labeling of the Dip as "Guacamole Dip" far outweighs any reasons or justifications by defendant in using that characterization of the dip in its labeling. Defendant had an improper motive in labeling of the Dip as "Guacamole Dip" when the Dip contained only 2 percent avocado pulp. These practices were and are under the sole control of defendant, and were fraudulently and deceptively hidden from members of the general public in its labeling. As a purchaser and consumer of defendant's Dip, and a as member of the general public in

California who has been injured by defendant's unlawful and/or unfair practices, plaintiff is entitled to and does bring this class action seeking all available UCL remedies, including declaratory and injunctive relief, restitution, and attorneys' fees and costs.

31. Defendant committed a deceptive act or practice by making material representations (and material omissions) that have a capacity, tendency, or likelihood to deceive or confuse reasonable consumers; it represented that the Dip was a "Guacamole Dip" when it contain only 2 percent avocado pulp as set forth above.

32. Defendant also has committed unlawful acts and practices within the scope of the UCL by violating the CLRA as set forth below. Violation of the CLRA serves as a predicate violation of this "prong" of the UCL.

33. Plaintiff is informed and believes, and based thereon alleges, that defendant continues the unlawful, unfair and/or deceptive business practices alleged herein.

34. Defendant's acts, misrepresentations, concealment of material facts and failures to disclose as alleged in this Complaint constitute unlawful, unfair and/or deceptive business practices within the meaning of California Bus. & Prof. Code § 17200 et seq. Plaintiff and members of the general public were and are likely to be deceived by defendant's scheme to misrepresent the actual nature of the Dip.

35. Pursuant to California Bus. & Prof. Code §17203, plaintiff, on behalf of herself and members of the general public, seeks an order of this Court:

(a) Enjoining Mission from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue or misleading labeling and any act prohibited by Chapter I (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code; and

(b) Restoring all monies that may have been acquired by defendant as a result of such unlawful, unfair, or deceptive act or practices.

36. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. The unlawful, unfair and/or deceptive acts and practices of defendant, as described above, present a serious and

ongoing threat to plaintiff and members of the general public.

37. As a result of defendant's violation of the UCL, plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

38. Pursuant to Civil Code §3287(a), plaintiff and Class Members are further entitled to pre-judgment interest as a direct and proximate result of defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation and plaintiff and Class members are entitled to interest in an amount according to proof.

## VI. SECOND CAUSE OF ACTION:

## FOR VIOLATION OF BUS. & PROF. CODE §17500 ET SEQ.

39. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

40. In violation of California Bus. & Prof. Code §17500, defendant have disseminated, or caused to be disseminated, false and misleading statements and representations in advertisements, labeling promotion and/or marketing of the Dip. These include labeling the Dip as "Guacamole Dip" when in fact the product contains only 2 percent avocado pulp.

41. Defendant's labeling representation untrue and/or misleading as set forth above.

42. Plaintiff is informed and believes, and based thereon alleges, that defendant continues to disseminate, or cause to be disseminated, such false and misleading statements.

43. Defendant is disseminating labeling and advertising concerning the Dip that is, by its very nature, unfair, deceptive, untrue or misleading within the meaning of California Bus. & Prof. Code §17500 et seq. Such representations are likely to deceive and continue to deceive the consuming public.

44. In making and disseminating the statement alleged herein, defendant knew or should have known that it was untrue or misleading, and acted in violation of California Bus. & Prof. Code §17500 et seq.

45. As a direct and proximate result of defendant's wrongful conduct, plaintiff and the Class Members have suffered substantial monetary and non-monetary damage. Pursuant to California Business and Professions Code §17535, plaintiff, on behalf of herself and members

of the general public, seeks an order of this Court:

(a) Enjoining Mission from continuing to engage, use, or employ any act prohibited by Chapter 1 (commencing with Section 17500) of part 3 of Division 7 of the Business and Professions Code; and

(b) Restoring all monies that may have been acquired by means of defendant's false and misleading statements in advertisements, promotions and/or marketing described herein.

46. As such, plaintiff and the members of the Class request that this Court cause the defendant to restore this money to them, and to enjoin the defendant from continuing to violate California Bus. & Prof. Code §17500 et seq., as alleged above. If defendant's conduct is not enjoined, plaintiff and the members of the Class will continue to be damaged by defendant's false and misleading labeling and advertising.

47. Pursuant to Civil Code section 3287(a), plaintiff and Class members are further entitled to pre-judgment interest as a direct and proximate result of defendant's wrongful conduct. The amount of funds paid by plaintiff and Class members as a result of said acts is a sum certain and capable of calculation, and plaintiff and Class members are entitled to interest in an amount to be set forth according to proof.

## VII. THIRD CAUSE OF ACTION:
## FOR NEGLIGENT MISREPRESENTATION

48. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

49. Defendant has represented, and continues to represent, to the public, including plaintiff, by means of its labeling, that the Dip was a "Guacamole Dip."

50. Defendant's representations were untrue as set forth above.

51. Defendant made the representations herein alleged with the intention of inducing the public to purchase defendant's Dip.

52. Plaintiff and other members of the general public saw, believed, and relied on defendant's labeling and advertising representations and, in reliance on them, purchased the

Dip. The reliance was reasonable, given the apparently reputable nature of defendant.

53. At the time defendant made the misrepresentations herein alleged, defendant had no reasonable grounds for believing the representations to be true.

54. As a proximate result of defendant's negligent misrepresentations, plaintiff and other members of the general public were induced to purchase the Dip, spending, and thereby losing, an amount to be determined at trial on defendant's Dip.

## VIII. FOURTH CAUSE OF ACTION:

## FOR INTENTIONAL MISREPRESENTATION

55. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

56. Defendant has represented, and continues to represent, to the public, including plaintiff, by means of its labeling, that the Dip was a "Guacamole Dip."

57. Defendant's representations were untrue as set forth above.

58. Defendant made the representations herein alleged with the intention of inducing the public to purchase and eat the Dip.

59. Plaintiff and other members of the general public saw, believed, and relied on defendant's labeling and advertising representations and, in reliance on them, purchased and ate the Dip. The reliance was reasonable, given the apparently reputable nature of defendant.

60. At the time defendant made the representations herein alleged, defendant knew the representations were false.

61. Defendant made these misrepresentations with the intention of depriving plaintiff and Class members of property or otherwise causing injury, and was guilty of fraud.

62. As a proximate result of defendant's intentional misrepresentations, plaintiff and other members of the general public were induced to spend, and thereby lose, an amount to be determined at trial on defendant's Dip.

63. Plaintiff is informed and believes and thereon alleges that defendant knew that the Dip did was not a "Guacamole Dip," but instead was merely a pasty spread containing 2 percent avocado pulp, and that defendant intended that customers and the unknowing public

1  should rely on its representations. Plaintiff and other members of the general public, in

2  purchasing and using the products as herein alleged, did rely on defendant's representations, all

3  to their damage as alleged. In doing these things, defendant was guilty of malice, oppression,

4  and fraud, and plaintiff and Class members are, therefore, entitled to recover punitive damages.

5  <center>**IX. FIFTH CAUSE OF ACTION:**</center>

6  <center>**FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR PURPOSE**</center>

7  64. Plaintiff realleges and incorporates by reference the allegations set forth in each of

8  the preceding paragraphs of this Complaint.

9  65. Beginning at an exact date unknown to plaintiff, but at least since four years prior to

10  the filing date of this action, plaintiff sought a Dip that was actually a guacamole dip,

11  consisting primarily of avocado, as guacamole is normally made and understood by reasonable

12  consumers to be made. In doing so, she relied on defendant's skill and judgment to select and

13  furnish suitable goods for that purpose, and on or about that time defendant sold to plaintiff the

14  Dip. By its labeling of the Dip, defendant warranted that the Dip was a "Guacamole Dip."

15  Plaintiff bought the Dip from defendant, relying on defendant's skill and judgment. However,

16  defendant's Dip is not guacamole dip; it contains only 2 percent avocado powder.

17  66. At the time of sale, defendant had reason to know the particular purpose for which

18  the goods were required, and that plaintiff was relying on defendant's skill and judgment to

19  select and furnish suitable goods, so that there was an implied warranty that the goods were fit

20  for this purpose.

21  67. However, defendant breached the warranty implied at the time of sale in that

22  plaintiff did not receive suitable goods, and the goods were not fit for the particular purpose for

23  which they were not made; the Dip was not actually a guacamole dip, consisting primarily of

24  avocado, as guacamole is normally made and understood by reasonable consumers to be made.

25  Instead, it was a pasty spread containing only 2 percent avocado pulp, a product which plaintiff

26  was not seeking to buy or acquire.

27  68. As a proximate result of this breach of warranty by defendant, plaintiff and the

28  Class members have been damaged in an amount to be determined at trial, in that, among other

1  things, they have spent, and thereby lost, money for a product they did not receive.

2  ## X. SIXTH CAUSE OF ACTION:

3  ### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

4      69. Plaintiff realleges and incorporates by reference the allegations set forth in each of
5  the preceding paragraphs of this Complaint.

6      70. The acts and practices described above were undertaken by defendant in connection
7  with a "transaction" (as defined in Civil Code §1761(e)) which was intended to and did result
8  in the sale of "goods" (as defined in Civil Code §1761(a)) to a "consumer" (as defined in Civil
9  Code §1761(d)). Defendant's acts and practices, as alleged in detail above, violated, and
10 continue to violate, Section 1770(a)(5) of the CLRA in that defendant represented to the
11 public, including plaintiff, by means of means of labeling, that the Dip they were purchasing
12 and eating was a "Guacamole Dip" a guacamole dip consisting primarily of avocado, as
13 guacamole is normally made and understood by reasonable consumers to be made. However, it
14 was not, in that was merely a paste containing 2 percent avocado pulp.

15     71. Plaintiff and Class members seek and are entitled to equitable relief in the form of
16 an order:

17     (a) Enjoining Mission from continuing to engage in the deceptive business practices
18       described above;

19     (b) Requiring defendant to make full restitution of all monies wrongfully obtained as a
20       result of the conduct described above;

21     (c) Requiring defendant to disgorge all ill-gotten gains flowing from the conduct
22       described above; and

23     (d) Enjoining Mission from such deceptive business practices in the future.

24     72. Pursuant to Section 1782 of the CLRA, plaintiff is notifying defendant in writing of
25 the particular violations of Section 1770 of the CLRA (the Notice) and is demanding, among
26 other things, that it cease marketing the Dip as set forth in detail above, and that defendant
27 provide restitution to consumers who purchased the Dip. Plaintiff is sending Notice by means of
28 by certified mail, return-receipt requested, to defendant at its principal place of business. If

defendant fails to respond to plaintiff's demand within 30 days of receipt of the Notice, pursuant to section 1782 of the CLRA, plaintiff will amend this Complaint to request statutory damages, actual damages, plus punitive damages, interest and attorney's fees. Regardless of such an amendment to seek damages, however, plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order as set forth herein enjoining the above-described wrongful acts and practices of defendant, plus costs and attorney's fees and any other relief which the Court deems proper.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action.

2. For an award of equitable relief pursuant as follows:

   (a) Enjoining Mission from continuing to engage in the unlawful, unfair and fraudulent business practices and deceptive labeling and advertising described in this Complaint;

   (b) Requiring defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

   (c) Requiring defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint; and

   (d) Enjoining it from marketing and selling the Dip as guacamole dip.

3. For actual and punitive damages under the CLRA in an amount to be proven at trial, including any damages as may be provided for by statute upon the filing of an amended Complaint should the demanded corrections not take place within the 30-day notice period.

4. For an award of attorney's fees pursuant to, inter alia, §1780(d) of the CLRA and Code of Civil Procedure §1021.5.

5. For actual damages in an amount to be determined at trial for the Third, Fourth, Fifth, and Sixth Causes of Action;

6.   For punitive damages in an amount to be determined at trial for the for the Fourth Cause of Action;

7.   For an award of costs and any other award the Court might deem appropriate; and

8.   For pre- and post-judgment interest on any amounts awarded.

Hewell Law Firm

DATED: December 17, 2008.

By: _____

Harold M. Hewell

Howard Rubinstein (Fla. SBN: 104108)
Attorney at Law
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
*(To apply as Counsel Pro Hac Vice)*

ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

CATHERINE M. HERZOG, as an individual and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

'08 CV 2348 H WMc

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harold M. Hewell, Hewell Law Firm, 105 West F St., San Diego, CA 92101, Tel.: 619-235-6854/Fax: 888-298-0177

### DEFENDANTS

GRUMA CORPORATION, a Nevada Corporation doing business as Mission Foods

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        LAND INVOLVED.

Attorneys (If Known)

FILED
2008 DEC 18 PM 3: 20

BY FAX

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 840 Trademark |
| | ☐ 345 Marine Product Liability | ☐ 650 Airline Regs. | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **LABOR** |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 370 Other Fraud | ☐ 690 Other | ☐ 710 Fair Labor Standards Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |
| | | | | ☐ 375 False Claims Act |
| | | | | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Class Action Fairness Act ( CAFA ) of 2005, 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1332(d)(6)

Brief description of cause:
Cal. Bus & Prof. Code §§ 17200, 17500, negligent and intentional misrepresentation, and others

### VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    12/17/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 158290    AMOUNT $350    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

TAB 12/18/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 158290    — MB

# December 18, 2008
# 15:19:06

## Civ Fil Non-Pris
USAO #.: 08CV2348 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: D3055060

**Total-> $350.00**

FROM: CATHERINE M HERZOG VS
      GRUMA CORP