1  CHRISTOPHER H. McGRATH (SB# 149129)
   chrismcgrath@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   4747 Executive Drive, 12th Floor
3  San Diego, CA  92121
   Telephone:  (858) 458-3000
4  Facsimile:  (858) 458-3005

5  GREGORY S.C. HUFFMAN (Tx. SBN# 10191500)
   gregory.huffman@tklaw.com
6  NICOLE WILLIAMS (Tx. SBN# 24041784)
   nicole.williams@tklaw.com
7  THOMPSON & KNIGHT LLP
   1722 Routh Street, Suite 1500
8  Dallas, TX  75201
   Telephone:  (214) 969-1700
9  Facsimile:  (214) 969-1751
   (*To Apply as Counsel Pro Hac Vice*)

10

11 Attorneys for Defendant
   *GRUMA CORPORATION, a Nevada Corporation*
12 *doing business as Mission Foods*

13

14              UNITED STATES DISTRICT COURT

15             SOUTHERN DISTRICT OF CALIFORNIA

16

17 CATHERINE M. HERZOG, as an           CASE NO. 3:08-cv-02348-H-WMc
   individual and on behalf of all others
18 similarly situated,                  **CLASS ACTION**

19              Plaintiff,             **ANSWER OF DEFENDANT GRUMA
                                        CORPORATION TO PLAINTIFF'S**
20      vs.                            **COMPLAINT FOR INJUNCTIVE RELIEF,
                                        RESTITUTION AND DAMAGES**
21 GRUMA CORPORATION, a Nevada
   Corporation doing business as Mission
22 Foods,

23              Defendant.             Judge:      Honorable Marilyn L. Huff

24

25

26

27

28

1    Defendant Gruma Corporation, d/b/a Mission Foods ("Defendant" or "Gruma") hereby

2    answers the Complaint for Injunctive Relief, Restitution and Damages (the "Complaint") of

3    Plaintiff Catherine M. Herzog ("Plaintiff") as follows:

4                          **ANSWER OF GRUMA CORPORATION**

5                                    **I.  PARTIES**

6        1.       Gruma is without sufficient knowledge or information to form a belief as to the

7    truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

8        2.       Gruma denies that it ever manufactured a product by the name of "Mission

9    Guacamole Dip" and denies that it currently advertises, distributes, or sells a product by the name

10   of "Mission Guacamole Dip."  Gruma admits the remainder of the allegations contained in

11   paragraph 2 of the Complaint.

12       3.       Gruma states that the allegations in paragraph 3 of the Complaint are legal

13   conclusions regarding agency and scope of employment and as such require no response.  To the

14   extent a response is required, the allegations in paragraph 3 are vague and Gruma is without

15   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

16   paragraph 3 of the Complaint and therefore denies the same.

17                          **II.  VENUE AND JURISDICTION**

18       4.       Gruma admits that Plaintiff has alleged a class action and an amount in

19   controversy that is within the jurisdictional limits of this Court, but denies that Plaintiff has any

20   viable causes of action or damages, denies that this is a proper class action, and denies that the

21   amount actually in controversy is within the jurisdictional limits of this Court.  Gruma denies the

22   remainder of the allegations in paragraph 4 of the Complaint.

23       5.       Gruma admits that it is a citizen of Nevada.  Gruma admits that Plaintiff has

24   alleged that the total claims of individual class members in this action are in excess of

25   $5,000,000, but denies that the amount in controversy alleged is proper and denies that this is a

26   proper class action. Gruma is without sufficient knowledge or information to form a belief as to

27   the truth of the allegations that more than two-thirds of all of the members of the proposed

28   Plaintiff Class in the aggregate are citizens of a state other than California and that the total

number of members of the proposed Plaintiff Class is greater than 100 and therefore denies the same. Gruma denies the remainder of the allegations in paragraph 5 of the Complaint.

6. Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

### III. FACTUAL ALLEGATIONS

7. Gruma states that allegations in paragraph 7 of the Complaint are legal conclusions and as such require no response. To the extent a response is required, the allegations in paragraph 7 are vague and Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. With respect to the allegations in paragraph 8 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-7 as though fully set forth herein.

9. Gruma admits that it marketed, advertised, and distributed Mission Guacamole Dip in some states prior to the filing of this Complaint. Gruma denies that it currently markets, advertises, or distributes Mission Guacamole Dip. Gruma denies the remainder of the allegations in paragraph 9 of the Complaint.

10. Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13. Gruma states that the allegations as to what a "reasonable consumer" would or does expect are legal conclusions and require no response. Gruma admits that Mission Guacamole Dip, during the time it was sold, contained the ingredients: "water, canola oil, food starch modified, concentrated crushed tomatoes, maltodextrin, two percent or less of avocado powder, dehydrated onion, partially hydrogenated soybean oil, garlic powder, bell pepper, spices, whey protein concentrate, salt, natural and artificial flavors, Worcestershire sauce powder (corn

syrup solids, salt, caramel color, garlic, sugar, spices, soy sauce solids [naturally fermented wheat and soybeans, salt, maltodextrin, caramel color], tamarind, natural flavors), citric acid, chili pepper, lemon juice concentrate, lime juice solids, sugar, glucono-delta-lactone, xanthan gum, sodium acid pyrophosphate, DATEM, lactic acid, monosodium glutamate and yellow #5 & blue #1.  To the extent a response is required, Gruma denies the remainder of the allegations in paragraph 13 of the Complaint.

14.     Gruma denies the allegations in paragraph 14 of the Complaint.

15.     Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     Gruma denies the allegations in paragraph 16 of the Complaint.

17.     Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 1 of paragraph 17 of the Complaint and therefore denies the same.  Gruma denies the remainder of the allegations in paragraph 17 of the Complaint.

**IV.  CLASS ALLEGATIONS**

18.     With respect to the allegations in paragraph 18 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-17 as though fully set forth herein.

19.     Gruma admits that Plaintiff is seeking to represent a class in this lawsuit, but denies that this is a proper class action and/or that Plaintiff is entitled to any relief.  Gruma denies the remainder of the allegations in paragraph 19 of the Complaint.

20.     Gruma states that the allegations in paragraph 20 of the Complaint are legal conclusions regarding the propriety of establishing a purported class and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 20 of the Complaint.

21.     Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 relating to the "many thousands" of consumers of Mission Guacamole Dip, and therefore denies the same.  Gruma states that the remainder of the allegations in paragraph 21 are legal conclusions regarding the propriety of establishing a

1   purported class and as such, require no response.  To the extent a response is required, Gruma

2   denies the allegations in paragraph 21 of the Complaint.

3          22.     Gruma states that the allegations in paragraph 22 and subparts 22(a-e) of the

4   Complaint are legal conclusions regarding the propriety of establishing a purported class and as

5   such, require no response.  To the extent a response is required, Gruma denies the allegations in

6   paragraph 22 and subparts 22(a-e) of the Complaint.

7          23.     Gruma states that the allegations in paragraph 23 of the Complaint are legal

8   conclusions regarding the propriety of establishing a purported class and as such, require no

9   response.  To the extent a response is required, Gruma denies the allegations in paragraph 23 of

10  the Complaint.

11         24.     Gruma states that the allegations in paragraph 24 of the Complaint are legal

12  conclusions regarding the propriety of establishing a purported class and as such, require no

13  response.  To the extent a response is required, Gruma denies the allegations in paragraph 24 of

14  the Complaint.

15         25.     Gruma states that the allegations in paragraph 25 of the Complaint are legal

16  conclusions regarding the propriety of establishing a purported class and as such, require no

17  response.  To the extent a response is required, Gruma denies the allegations in paragraph 25 of

18  the Complaint.

19         26.     Gruma states that the allegations in paragraph 26 of the Complaint are legal

20  conclusions regarding the propriety of establishing a purported class and as such, require no

21  response.  To the extent a response is required, Gruma denies the allegations in paragraph 26 of

22  the Complaint.

23         27.     Gruma states that the allegations in paragraph 27 of the Complaint are legal

24  conclusions regarding the propriety of establishing a purported class and as such, require no

25  response.  To the extent a response is required, Gruma denies the allegations in paragraph 27 of

26  the Complaint.

27

28

NO. 3:08-cv-02348-H-WMc

## V.  FIRST CAUSE OF ACTION:

### FOR VIOLATION OF BUS & PROF. CODE § 17200 ET SEQ.

28.     With respect to the allegations in paragraph 28 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-27 as though fully set forth herein.

29.     Gruma states that the allegations in paragraph 29 of the Complaint represent legal conclusions and require no response.  To the extent a response is required, Gruma admits that Plaintiff purports to bring a claim pursuant to California Bus. & Prof. Code § 17200, et seq., but denies the merit of any such claim and denies the remainder of the allegations in paragraph 29 of the Complaint.

30.     Gruma denies the allegations in paragraph 30 of the Complaint.

31.     Gruma denies the allegations in paragraph 31 of the Complaint.

32.     Gruma states that the allegations in paragraph 32 of the Complaint are legal conclusions and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 32 of the Complaint.

33.     Gruma denies the allegations in paragraph 33 of the Complaint.

34.     Gruma denies the allegations in paragraph 34 of the Complaint.

35.     Gruma admits that Plaintiff purports to request injunctive relief, but denies that Plaintiff is entitled to any such relief or has properly stated a claim for any such relief.  Gruma denies the remainder of the allegations in paragraph 35 and subparts 35(a-b) of the Complaint.

36.     Gruma denies the allegations in paragraph 36 of the Complaint.

37.     Gruma denies the allegations in paragraph 37 of the Complaint.

38.     Gruma states that the allegations in paragraph 38 of the Complaint are legal conclusions and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 38 of the Complaint.

1    **VI.  SECOND CAUSE OF ACTION:**

2    **FOR VIOLATION OF BUS. & PROF. CODE § 17500 ET SEQ.**

3        39.     With respect to the allegations in paragraph 39 of the Complaint, Gruma repeats its

4    responses and re-alleges those responses contained in the foregoing paragraphs 1-38 as though

5    fully set forth herein.

6        40.     Gruma admits that it previously marketed a product labeled "Mission Guacamole

7    Dip." Gruma denies the remainder of the allegations in paragraph 40 of the Complaint.

8        41.     Gruma denies the allegations in paragraph 41 of the Complaint.

9        42.     Gruma denies the allegations in paragraph 42 of the Complaint.

10       43.     Gruma denies the allegations in paragraph 43 of the Complaint.

11       44.     Gruma denies the allegations in paragraph 44 of the Complaint.

12       45.     Gruma admits that Plaintiff purports to request injunctive relief, but denies that

13   Plaintiff is entitled to any such relief or has properly stated a claim for any such relief. Gruma

14   denies the remainder of the allegations in paragraph 45 and subparts 45(a-b) of the Complaint.

15       46.     Gruma admits that Plaintiff purports to request injunctive relief, but denies that

16   Plaintiff is entitled to any such relief or has properly stated a claim for any such relief. Gruma

17   denies the remainder of the allegations in paragraph 46 of the Complaint.

18       47.     Gruma states that the allegations in paragraph 47 of the Complaint are legal

19   conclusions and as such, require no response. To the extent a response is required, Gruma denies

20   the allegations in paragraph 47 of the Complaint.

21   **VII.  THIRD CAUSE OF ACTION:**

22   **FOR NEGLIGENT MISREPRESENTATION**

23       48.     With respect to the allegations in paragraph 48 of the Complaint, Gruma repeats its

24   responses and re-alleges those responses contained in the foregoing paragraphs 1-47 as though

25   fully set forth herein.

26       49.     Gruma admits that it previously marketed a product labeled "Mission Guacamole

27   Dip." Gruma denies the remainder of the allegations in paragraph 49 of the Complaint.

28       50.     Gruma denies the allegations in paragraph 50 of the Complaint.

51.     Gruma admits that it intended the public to purchase Mission Guacamole Dip. Gruma denies the remainder of the allegations in paragraph 51 of the Complaint.

52.     Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies the same.

53.     Gruma denies the allegations in paragraph 53 of the Complaint.

54.     Gruma states that the allegations in paragraph 54 of the Complaint are legal conclusions and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 54 of the Complaint.

## VIII.  FOURTH CAUSE OF ACTION:

## FOR INTENTIONAL MISREPRESENTATION

55.     With respect to the allegations in paragraph 55 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-54 as though fully set forth herein.

56.     Gruma admits that it previously marketed a product labeled "Mission Guacamole Dip."  Gruma denies the remainder of the allegations in paragraph 56 of the Complaint.

57.     Gruma denies the allegations in paragraph 57 of the Complaint.

58.     Gruma admits that it intended the public to purchase and eat Mission Guacamole Dip.  Gruma denies the remainder of the allegations in paragraph 58 of the Complaint.

59.     Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies the same.

60.     Gruma denies the allegations in paragraph 60 of the Complaint.

61.     Gruma denies the allegations in paragraph 61 of the Complaint.

62.     Gruma states that the allegations in paragraph 62 of the Complaint are legal conclusions and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 62 of the Complaint.

63.     Gruma denies the allegations in sentences 1 and 3 of paragraph 63 of the Complaint.  Gruma is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 2 of paragraph 63 of the Complaint and therefore denies the same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IX.  FIFTH CAUSE OF ACTION:

### FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR PURPOSE

64.      With respect to the allegations in paragraph 64 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-63 as though fully set forth herein.

65.      Gruma is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1-2 and 4 of paragraph 65 of the Complaint and therefore denies the same.  Gruma states that the allegations in sentence 3 of paragraph 65 are legal conclusions and as such, require no response.  Gruma denies the remainder of the allegations in paragraph 65.

66.      Gruma denies the allegations in paragraph 66 of the Complaint.

67.      Gruma denies the allegations in paragraph 67 of the Complaint.

68.      Gruma states that the allegations in paragraph 68 of the Complaint are legal conclusions and as such, require no response.  To the extent a response is required, Gruma denies the allegations in paragraph 68 of the Complaint.

### X.  SIXTH CAUSE OF ACTION:

### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

69.      With respect to the allegations in paragraph 69 of the Complaint, Gruma repeats its responses and re-alleges those responses contained in the foregoing paragraphs 1-68 as though fully set forth herein.

70.      Gruma states that the allegations in sentence 1 of paragraph 70 are legal conclusions and as such, require no response.  Gruma denies the remainder of the allegations in paragraph 70.

71.      Gruma admits that Plaintiff purports to request injunctive relief, but denies that Plaintiff is entitled to any such relief or has properly stated a claim for any such relief.  Gruma denies the remainder of the allegations in paragraph 71 and subparts 71(a-d) of the Complaint.

72.      Gruma denies the allegations in sentences 1 and 2 of paragraph 72 of the Complaint.  Gruma states that the allegations in sentences 3 and 4 of paragraph 72 of the

1   Complaint are legal conclusions and as such, require no response.  To the extent a response is

2   required, Gruma denies the remainder of the allegations in paragraph 72 of the Complaint.

3         73.     Gruma expressly denies all other allegations of the Complaint not specifically

4   addressed by the responses herein.

5   **GRUMA CORPORATION'S AFFIRMATIVE DEFENSES**

6        Gruma hereby asserts separate and independent affirmative defenses, without assuming

7   the burden of proof on such defenses that would otherwise rest on Plaintiff.

8   **FIRST AFFIRMATIVE DEFENSE**

9   (Failure to State a Claim)

10        Plaintiff's Complaint and each purported cause of action contained therein fails to state

11   facts sufficient to constitute a cause of action against Gruma.

12   **SECOND AFFIRMATIVE DEFENSE**

13   (Lack of Standing)

14        Plaintiff lacks standing to bring all or some of the claims.

15   **THIRD AFFIRMATIVE DEFENSE**

16   (Statute of Limitations)

17        Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

18   **FOURTH AFFIRMATIVE DEFENSE**

19   (Good Faith)

20        Plaintiff's claims are barred, in whole or in part, by Gruma's good faith.

21   **FIFTH AFFIRMATIVE DEFENSE**

22   (Laches)

23        Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

24   **SIXTH AFFIRMATIVE DEFENSE**

25   (Comparative Fault)

26        Plaintiff's claims are barred, in whole or in part, by her own negligence or other conduct.

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

(Federal Express and/or Implied Pre-Emption)

Plaintiff's claims are barred, in whole or in part, by Gruma's compliance with federal and state laws and regulations and/or the doctrines of federal express and/or implied pre-emption.

**EIGHTH AFFIRMATIVE DEFENSE**

(Economic Loss)

Plaintiff's claim for negligent misrepresentation is barred by the economic loss doctrine.

**NINTH AFFIRMATIVE DEFENSE**

(Actual Knowledge)

Plaintiff's claims for misrepresentation are barred because Plaintiff had actual knowledge of the truth of the representation.

**TENTH AFFIRMATIVE DEFENSE**

(Release, Estoppel, Waiver, Disclaimer, Acquiescence, Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, estoppel, waiver, disclaimer, acquiescence, or accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands and Pari Delicto)

Plaintiff's claims are barred, in whole or in part, by the doctrines of in pari delicto or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Notice)

Plaintiff's claim for breach of warranty is barred because Plaintiff did not provide the required notice to Gruma and did not give Gruma the opportunity to cure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

Plaintiff's claims are barred because Gruma did not proximately cause damage to Plaintiff.

NO. 3:08-cv-02348-H-WMc

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff damages are barred, in whole or in part, because she failed to mitigate her damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Restitution)

Plaintiff's claim for restitution is barred because she received something of value.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Injunctive Relief)

Plaintiff does not allege an adequate basis for injunctive relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Mootness of Injunctive Relief)

Plaintiff's request for injunctive relief is barred because it is moot.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Mootness of Claims)

Plaintiff's claims are barred because they are moot.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Improper Class Representative)

Plaintiff is not an adequate, typical or otherwise proper representative for the alleged class she seeks to represent.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Justification and Privilege)

Plaintiff's claims are barred because any conduct allegedly performed by Gruma was justified and/or privileged under the circumstances.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(No Unfair Act)

Plaintiff's claims are barred because the act or practice allegedly performed by Gruma was not unfair.

1   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2   (Public Not Misled)

3       Plaintiff's claims are barred because it is unlikely the public was deceived or misled by

4   the acts alleged.

5   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

6   (Failure to State Facts Sufficient to Constitute a Class Action)

7       Plaintiff has not properly pled a class action because the variations in state law and

8   relevant facts governing Plaintiff's claims override any common issues and defeat the requisite

9   predominance of Federal Rule of Civil Procedure 23(b)(3).

10  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11  (Lack of Personal Jurisdiction)

12      In the unlikely event that a class in certified, this Court will not have personal jurisdiction

13  over all the class members.

14  **PRAYER FOR RELIEF**

15      WHEREFORE, Gruma denies that Plaintiff has any valid causes of action and denies that

16  Plaintiff is entitled to any relief.  For these reasons, Gruma Corporation prays for judgment as

17  follows:

18      1.      That Plaintiff's Complaint for Injunctive Relief, Restitution, and Damages be

19  dismissed with prejudice;

20      2.      That Plaintiff's claims for relief be denied;

21      3.      That judgment be entered in favor of Gruma Corporation;

22      4.      That Gruma be awarded all recoverable costs; and

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1     5.      That Gruma Corporation be awarded any other relief this Court deems just and

2  proper.

3  DATED:  January 22, 2009          CHRISTOPHER H. McGRATH
                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP
4

5
                                     By:    /s/ Christopher H. McGrath
6                                           CHRISTOPHER H. McGRATH

7                                    4747 Executive Drive, 12th Floor
                                     San Diego, CA  92121
8                                    Telephone:  (858) 458-3000
                                     Facsimile:  (858) 458-3005
9
                                     GREGORY S.C. HUFFMAN
10                                   NICOLE WILLIAMS
                                     THOMPSON & KNIGHT LLP
11                                   1722 Routh Street, Suite 1500
                                     Dallas, TX  75201
12                                   Telephone:  (214) 969-1700
                                     Facsimile:  (214) 969-1751
13                                   (*To Apply as Counsel Pro Hac Vice*)

14                                   Attorneys for Defendant
                                     *GRUMA CORPORATION, a Nevada Corporation*
15                                   *doing business as Mission Foods*

16

17

18

19

20

21

22

23

24

25

26

27  LEGAL_US_W # 60891263.3

28