1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE M. HERZOG,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GRUMA CORPORATION,<br><br>　　　　　　　Defendant. | Case No. 08-CV-2348-H (JMA)<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

On February 11, 2009 at 2:00 p.m., the Court convened an Early Neutral Evaluation Conference ("ENE") in this matter. This date was chosen by counsel for Plaintiff and Defendants, who jointly requested that the conference be scheduled at the Court's earliest convenience to facilitate settlement. The January 28, 2009 Order setting the ENE expressly states that "**all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**." (emphasis in original). The ENE Order further states that:

> **The individuals present at the Early Neutral Evaluation Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: (1) fully explore all settlement options and to agree during the Early Neutral Evaluation Conference to any settlement terms acceptable to the party** (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653

(7th Cir. 1989))**, (2) change the settlement position of a party during the course of the Early Neutral Evaluation Conference** (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), **and (3) negotiate a settlement without being restricted by any predetermined level of authority** (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)). . . .**The failure of any counsel, party or authorized person to appear at the Early Neutral Evaluation Conference as required will result in the immediate imposition of sanctions.**

Plaintiff Catherine Herzog appeared at the ENE, along with attorney Harold Hewell. Plaintiff's co-counsel, Howard Rubinstein, was not present at the conference, but instead, according to Mr. Hewell, was participating in a 30-day boat race in the Atlantic.[1] However, Mr. Hewell and his client represented that they had full settlement authority. Attorneys Christopher McGrath and Gregory Huffman appeared for Defendant, along with their client representative, in-house counsel Salvadore Elias, who had flown out from Texas (along with Mr. Huffman) on behalf of Defendant Gruma Corporation to attend the ENE.

After extensive negotiations over the course of several hours, the parties reached agreement on the key terms of a settlement. However, when Mr. Hewell called Mr. Rubinstein on his boat to relay the terms, Mr. Rubinstein took a diametrically opposed position and stated that Mr. Hewell did not have authority to settle on the terms previously agreed upon. The Court advised Attorney Rubinstein that if he intended to negotiate the terms of the settlement and change terms previously agreed to by Attorney Hewell, he should be present in-person at the ENE, as required by the ENE Order, rather than participating in a boat race in the Atlantic. Defense counsel and Defendant's client representative also expressed their frustration over traveling to the ENE and participating in negotiations in good faith for several hours only to find out that Mr. Rubinstein refused to abide by the terms agreed to by his co-counsel, Mr. Hewell. After nearly four hours of

---

[1] Howard Rubinstein was listed on the caption of the Complaint, along with Harold Hewell, along with the notation (*To apply as Counsel Pro Hac Vice*). However, to date, Mr. Rubinstein has not applied to be admitted *pro hac vice*.

negotiations, it became evident that Mr. Rubinstein's failure to appear made conclusion of a settlement during the ENE impossible.

Attorney Rubinstein has violated the Court's January 28, 2009 ENE Order which expressly requires that all persons "**whose authority is required to negotiate and enter into settlement**" be present in person at the ENE.  The Order also expressly states that the failure to appear "**will result in the immediate imposition of sanctions."**  Mr. Rubinstein's failure to appear in person at the ENE, his refusal to agree to the settlement terms reached by his co-counsel who was present at the ENE, and his attempt, from aboard a boat thousands of miles away, to change the settlement terms prevented a settlement from being concluded at the ENE and resulted in a substantial waste of valuable time for the Court, opposing counsel and even his own client.

Accordingly, **IT IS HEREBY ORDERED** that Howard Rubinstein shall appear before the Honorable Jan M. Adler to show cause why sanctions should not be imposed for failing to comply with the Court's orders.  The hearing on the Order to Show Cause shall be held on **March 4, 2009** at **9:30 a.m.** in Courtroom D, U.S. District Court, 940 Front Street, San Diego, California.  Attorney Rubinstein may submit a declaration not exceeding three pages in length regarding the imposition of sanctions on or before February 25, 2009.  Counsel for Defendants may, but is not required to, attend the hearing, and may, but is not required to, file a declaration not exceeding three pages, on or before February 25, 2009, regarding the imposition of sanctions.

Furthermore, as Mr. Rubinstein has interjected himself into this action as set forth above and appears on the Complaint as co-counsel for Plaintiff, he shall file a motion for admission *pro hac vice* no later than February 20, 2009.

**IT IS SO ORDERED**.

DATED:  February 13, 2009

_____
Jan M. Adler
U.S. Magistrate Judge